

FILED

NOV 23 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE TURNER,

   Plaintiff,

  vs.

L. ZAMORA, et al.,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. C 11-02669 EJD (PR)

ORDER OF SERVICE; DIRECTING
DEFENDANTS TO FILE
DISPOSITIVE MOTION OR NOTICE
REGARDING SUCH MOTION;
INSTRUCTIONS TO CLERK

  Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in Soledad, filed the instant civil rights action in <u>pro se</u> pursuant to 42 U.S.C. § 1983 against SVSP officials. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted in a separate written order.

## DISCUSSION

### A.  <u>Standard of Review</u>

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

1  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

2  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

3  1988).

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

5  elements: (1) that a right secured by the Constitution or laws of the United States was

6  violated, and (2) that the alleged violation was committed by a person acting under the

7  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8  **B.    Plaintiff's Claims**

9       Plaintiff claims that he has been incarcerated since September 11, 2009, without

10  teeth and that he has been deprived of dental care.  Plaintiff claims that he has been

11  unable to eat properly and has been losing weight.  Liberally construed, Plaintiff's claim

12  is cognizable under § 1983 as a violation of his Eighth Amendment right against

13  deliberate indifference to serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104

14  (1976).  Serious medical needs may include dental care.  See Hunt v. Dental Dep't, 865

15  F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates).

16

17                                 **CONCLUSION**

18       For the foregoing reasons, the Court orders as follows:

19       1.     The Clerk of the Court shall issue summons and the United States

20  Marshal shall serve, without prepayment of fees, a copy of the complaint, all attachments

21  thereto, and a copy of this order upon **Defendants L. Zamora, E. Talanoa, B.**

22  **Quattlebaum, G. Ellis, and Stanlake Kye** at **Salinas Valley State Prison,** (P.O. Box

23  1020, Soledad, CA 93960-1020).

24       2.     No later than **sixty (60) days** from the date of this order, Defendants shall

25  file a motion for summary judgment or other dispositive motion with respect to the claims

26  in the amended complaint found to be cognizable above.

27            a.     If Defendants elect to file a motion to dismiss on the grounds

28  Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

1  § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

2  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied</u> <u>Alameida v.</u>

3  <u>Terhune</u>, 540 U.S. 810 (2003).

4     b.  Any motion for summary judgment shall be supported by adequate

5  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

6  Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**

7  **nor qualified immunity found, if material facts are in dispute.  If any Defendant is of**

8  **the opinion that this case cannot be resolved by summary judgment, he shall so**

9  **inform the Court prior to the date the summary judgment motion is due.**

10    3. Plaintiff's opposition to the dispositive motion shall be filed with the Court

11  and served on Defendants no later than **thirty (30) days** from the date Defendants'

12  motion is filed.

13     a. In the event the Defendants file an unenumerated motion to dismiss

14  under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

15    The defendants have made a motion to dismiss pursuant to Rule

16    12(b) of the Federal Rules of Civil Procedure, on the ground you
  have not exhausted your administrative remedies.  The motion will,

17    if granted, result in the dismissal of your case.  When a party you are
  suing makes a motion to dismiss for failure to exhaust, and that

18    motion is properly supported by declarations (or other sworn
  testimony) and/or documents, you may not simply rely on what your

19    complaint says.  Instead, you must set out specific facts in
  declarations, depositions, answers to interrogatories, or documents,

20    that contradict the facts shown in the defendant's declarations and
  documents and show that you have in fact exhausted your claims.  If

21    you do not submit your own evidence in opposition, the motion to
  dismiss, if appropriate, may be granted and the case dismissed.

22     b. In the event Defendants file a motion for summary judgment,

23  the Ninth Circuit has held that the following notice should be given to Plaintiffs:

24    The defendants have made a motion for summary judgment by which
  they seek to have your case dismissed.  A motion for summary

25    judgment under Rule 56 of the Federal Rules of Civil Procedure will,

26  ――――――――――――――――――――――――

27  [1] The following notice is adapted from the summary judgment notice to be given to <u>pro</u>

28  <u>se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.      Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

1    8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

2    court informed of any change of address and must comply with the court's orders in a

3    timely fashion.  Failure to do so may result in the dismissal of this action for failure to

4    prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5    9.    Extensions of time must be filed no later than the deadline sought to be

6    extended and must be accompanied by a showing of good cause.

7

8    DATED: _____11/21/11_____

9                          EDWARD J. DAVILA
                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service
02669Turner_svc.wpd                          5

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

EDDIE TURNER,

        Plaintiff,

  v.

L. ZAMORA, et al.,

        Defendants.
_____/

Case Number: CV11-02669 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____11/23/11_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie Turner AA6768
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA

Dated: _____11/23/11_____

                    Richard W. Wieking, Clerk
                    By: Elizabeth Garcia, Deputy Clerk