IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE TURNER,<br><br>         Plaintiff,<br><br> vs.<br><br>L. ZAMORA, et al.,<br><br>         Defendants. | No. C 11-02669 EJD (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED DEFENDANTS |

   Plaintiff, a California inmate at the Salinas Valley State Prison ("SVSP") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against SVSP officials.  The Court ordered service of Plaintiff's complaint upon the named defendants.  (See Docket No. 9.)  The following defendants have not been served.

**DISCUSSION**

**A.    Insufficient Location Information**

   The summonses for Defendants B. Quattlebaum, L. Zamora, and Stanlake Kye that were sent to SVSP, where Plaintiff indicated they were located, were returned unexecuted on December 13, 2011, with the following remark: "Not at the facility. Facility will not accept service."  (Docket Nos. 16, 17 & 18.)  Accordingly, Quattlebaum, Zamora and

Kye have not been served.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendants Quattlebaum, Zamora and Kye, and consequently Plaintiff must remedy the situation or face dismissal of his claims against these defendants without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994)(holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, Plaintiff must provide the Court with these Defendants' accurate current location such that the Marshal is able to effect service.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff must file notice and provide the Court with the accurate current location of Defendants Quattlebaum, Zamora and Kye such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with an accurate current location for these Defendants within thirty (30) days of the date this order is filed, Plaintiff's claims against Quattlebaum, Zamora and Kye will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

DATED: 3/30/2012

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDDIE TURNER,

        Plaintiff,

  v.

L. ZAMORA, et al.,

        Defendants.

Case Number: CV11-02669 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/30/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eddie Turner AA6768
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA

Dated: 3/30/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk